STATE OF CONNECTICUT *v.* ANDREW ROBINS
(15046)

PETERS, C. J., and BORDEN, BERDON, NORCOTT and KATZ, Js.

Argued May 25—decision released June 20, 1995

___

[2] The plaintiff's cause of action against Perez has not yet been resolved.

*Neal Cone*, assistant public defender, for the appellant (defendant).

*Mary H. Lesser*, assistant state's attorney, with whom, on the brief, were *Donald A. Browne*, state's attorney, and *Barbara Nelson*, former assistant state's attorney, for the appellee (state).

PER CURIAM. The sole issue in this certified criminal appeal is whether an applicant for welfare benefits who fails to disclose income and assets in his welfare application can be convicted of larceny in the first degree in violation of General Statutes § 53a-122 (a) (4) and General Statutes (Rev. to 1989) § 53a-119,[1] without proof by the state that he received welfare assistance to which he was not entitled. After a jury trial, the defendant, Andrew

---

[1] General Statutes (Rev. to 1989) § 53a-119 provides in relevant part: "LARCENY DEFINED. A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. Larceny includes, but is not limited to . . . (6) Defrauding of public community. A person is guilty of defrauding a public community who (1) authorizes, certifies, attests or files a claim for benefits or reimbursement from a local, state or federal agency which he knows is false . . . ."

Section 53a-119 (6) (1) through (3) are now codified at § 53a-119 (6) (A) through (C).

General Statutes § 53a-122 provides in relevant part: "LARCENY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of larceny in the first degree when he commits larceny as defined in section 53a-119 and . . . (4) the property is obtained by defrauding a public community, and the value of such property exceeds two thousand dollars. . . ."

Robins, was found guilty of larceny in the first degree and of making a false statement in violation of General Statutes (Rev. to 1989) § 53a-157 (a).[2] The trial court denied his motion for acquittal and rendered a judgment of conviction. The Appellate Court concluded that there was no merit to the defendant's claim of insufficient evidence to convict, but remanded the case for further proceedings to determine the harmfulness of an improper instruction. *State* v. *Robins,* 34 Conn. App. 694, 707, 643 A.2d 881 (1994). We granted the defendant's petition for certification insofar as it raised an issue about the elements of the crime of larceny under the statute.[3]

The opinion of the Appellate Court states the facts that the jury could reasonably have found. When the defendant applied for welfare assistance from the town of Fairfield, he was informed that he was required to declare all of his assets, and that failure to do so could result in penalties.[4] In light of the defendant's representations, he was granted welfare assistance. In several respects, the defendant's application misrepresented his assets.

Although he initially indicated to his caseworker that he had a bank account at the Connecticut National

[2] General Statutes (Rev. to 1989) § 53a-157 provides in relevant part: "FALSE STATEMENT: CLASS A MISDEMEANOR. (a) A person is guilty of false statement when he intentionally makes a false written statement under oath or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable, which he does not believe to be true and which statement is intended to mislead a public servant in the performance of his official function."

Section 53a-157 is now codified at § 53a-157b.

[3] We granted the defendant's petition for certification to appeal, limited to the following issue: "Whether the Appellate Court correctly decided that the state did not have to show as an element of larceny by defrauding a public community that the defendant obtained benefits to which he was not otherwise entitled?" *State* v. *Robins,* 231 Conn. 917, 918, 648 A.2d 166 (1994).

[4] The application form required the defendant to certify, "under the penalty for false statement" and "subject to the penalties for larceny," that his statements on the application were true and correct.

Bank, he subsequently reported that the bank account had been closed sometime between three and six months earlier. Upon that representation, the caseworker checked off the "no" column that referred to bank accounts and wrote "Bank closed it 3–6 months ago." A subsequent inquiry to the Connecticut National Bank disclosed that the defendant then had an active account with a current balance of $702.03, and that, at the time of his welfare application, the defendant's account had had a balance of $3336. At a "redetermination" meeting with his caseworker, the defendant indicated that the money had come from an insurance settlement on a fire in his home. Unless the defendant could establish that the money had come from this source and had been spent to replace losses resulting from a fire, the undisclosed bank account balance would have made the defendant ineligible for assistance. The defendant was asked to provide verification, but he was unable to do so. In his welfare application, the defendant also failed to disclose other assets, including a money order and a car to which he held title.

Throughout the investigation of the defendant's eligibility, he continued to receive assistance from the town. That assistance ceased only when the defendant subsequently qualified for social security and state supplemental assistance. *State* v. *Robins*, supra, 34 Conn. App. 696–98.

The Appellate Court concluded that this evidence was sufficient to sustain the defendant's conviction of larceny for having defrauded the town of Fairfield of property exceeding $2000 in value. See General Statutes § 53a-122 (a) (4) and General Statutes (Rev. to 1989) § 53a-119. The court focused on the plain language of § 53a-119 (6) (1), which imposes criminal liability on any person who "files a claim for benefits or reimbursement from a local . . . agency which he knows is false . . . ." It concluded that the legislature had

intentionally omitted from the statute any requirement for the state to prove that, as a result of the defendant's misrepresentation, he had obtained benefits to which he was not entitled. *State* v. *Robins*, supra, 34 Conn. App. 700.

After examining the record on appeal, and after considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court must be affirmed. The issue on which we granted certification[5] was properly resolved in the thoughtful and comprehensive opinion of the Appellate Court. It would serve no useful purpose for us to repeat the discussion therein contained. See *Reichert* v. *Sheridan*, 233 Conn. 251, 253, 658 A.2d 96 (1995); *Talton* v. *Warden*, 231 Conn. 274, 275–76, 648 A.2d 876 (1994); *State* v. *Leonard*, 210 Conn. 480, 481, 556 A.2d 611 (1989).

The judgment is affirmed.

---

[5] We were not asked to certify any constitutional issue and therefore do not consider the defendant's belated effort to raise questions relating to the scope of double jeopardy under our state constitution. We similarly do not consider nonconstitutional evidentiary or instructional issues that we declined to certify.