## STATE OF CONNECTICUT *v.* DARRELL JOHNSON
### (AC 17858)

O'Connell, C. J., and Lavery and Spear, Js.

Argued May 28—officially released August 25, 1998

*Mark J. Welsh*, deputy assistant public defender, with whom, on the brief, was *Louis J. Hanna*, certified legal intern, for the appellant (defendant).

*Christopher T. Godialis*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Jeffrey Doskos*, assistant state's attorney, for the appellee (state).

*Opinion*

SPEAR, J. The defendant, who had been convicted of the crimes of unlawful restraint in the second degree, attempt to commit assault in the third degree and threatening, appeals from the judgment of the trial court revoking his probation and ordering that he serve the balance of a suspended sentence. The defendant claims that the trial court, after finding a violation of probation, violated Practice Book § 43-10 (3), formerly § 919 (3),[1] either by not giving the defendant an opportunity to address the court or by not inquiring whether the defendant wanted to address the court before the court ordered a disposition. The trial court's action at the time was consistent with this court's holding in *State* v. *Strickland*, 42 Conn. App. 768, 777–78, 682 A.2d 521 (1996), in which we concluded that there was no right of allocution in a violation of probation proceeding. Our Supreme Court's later reversal of that decision; *State* v. *Strickland*, 243 Conn. 339, 703 A.2d 109 (1997); compels us, in the exercise of our supervisory authority, to reverse the judgment of the trial court.

There is no dispute about the operative facts. On May 22, 1996, the defendant was sentenced to a term of three years, execution suspended after six months, with a probationary term of two years. While on probation,

---

[1] Practice Book § 43-10 (3), formerly § 919 (3), provides: "The judicial authority shall allow the defendant a reasonable opportunity to make a personal statement in his or her own behalf and to present any information in mitigation of the sentence."

the defendant was arrested and charged with violating the terms of his probation with respect to counseling and anger management.[2] A violation of probation hearing was conducted and, at the completion of the evidence, the trial court found that the defendant had violated the terms of his probation and ordered that he serve the balance of the suspended sentence. Immediately thereafter, the court adjourned. This appeal followed.

The state first asserts that the defendant's claim is not reviewable because it was not raised in the trial court. The defendant did not ask to be heard and was silent as the court found a violation and proceeded to a disposition. That silence, the state maintains, distinguishes this case from *State* v. *Strickland,* supra, 243 Conn. 339, in which our Supreme Court held that the right of allocution provided for in Practice Book § 919 (3), now § 43-10 (3), applies to revocation of probation dispositions as well as to sentencing hearings. In *Strickland,* the defendant did ask the court for an opportunity to speak and the court refused to hear him. On appeal, we affirmed the trial court's refusal because we concluded that Practice Book § 919 (3) did not apply to revocation of probation dispositions. Reversing our decision, our Supreme Court held, inter alia, that considerations of procedural fairness, as well as the perception of fairness, required that § 919 (3) be applied to the separate and distinct disposition phase of probation revocation proceedings. In so holding, the court stated that "revocation of probation proceedings embody a form of sentencing." Id., 351.

Although the defendant here did not request an opportunity to be heard prior to disposition, we will, nevertheless, review his claim pursuant to our supervisory powers. See Practice Book § 60-2, formerly § 4138.

---

[2] The defendant was also charged with a criminal offense, but that claim was not pursued in the revocation proceedings.

Our decision in *Strickland* was released on September 3, 1996, and was the controlling law at the time of the disposition of this case on October 9, 1997. The Supreme Court opinion in *State* v. *Strickland*, supra, 243 Conn. 339, was released on December 2, 1997. It would be unfair to penalize the defendant for failing to request an opportunity to speak in view of our decision that a defendant had no such right in a probation revocation disposition.[3] Accordingly, we may invoke our supervisory authority to review a claim that was not raised in the trial court where we deem it appropriate because of the nature and significance of the issue. See *West Hartford Interfaith Coalition* v. *Town Council*, 228 Conn. 498, 507, 636 A.2d 1342 (1994). Under the facts of this case, our concern that judicial proceedings not only be fair, but have the appearance of fairness, compels the exercise of our supervisory power and review of the defendant's claim.

Practice Book § 43-10 (3) mandates that the defendant be given "a reasonable opportunity to make a personal statement" and to present mitigating information. The sequence of events here clearly shows that the defendant never had a reasonable opportunity to speak. "[U]nder [General Statutes] § 53a-32, a probation revocation hearing has two distinct components. . . . The trial court must first conduct an adversarial evidentiary hearing to determine whether the defendant has in fact violated a condition of probation. At such hearing the defendant shall be informed of the manner in which he is alleged to have violated the conditions of his probation or conditional discharge . . . and shall have the right to cross-examine witnesses and to present evidence in his own behalf. General Statutes § 53a-32

---

[3] The defendant's assertion that we may review this claim pursuant to the plain error doctrine is obviously without merit, as it can hardly be plain error for the trial court to have acted in a manner that was consistent with then existing law.

(a). If the trial court determines that the evidence has established a violation of a condition of probation, then it proceeds to the second component of probation revocation, the determination of whether the defendant's probationary status should be revoked. On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation or conditional discharge or modify or enlarge the conditions, and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. General Statutes § 53a-32 (b). In making this second determination, the trial court is vested with broad discretion." (Citation omitted; internal quotation marks omitted.) *State* v. *Davis*, 229 Conn. 285, 289–90, 641 A.2d 370 (1994).

By finding a violation of probation, ordering immediately that the defendant serve the balance of the suspended sentence and then adjourning for the day, the trial court deprived the defendant of a reasonable opportunity to exercise his right of allocution. It is not necessary, therefore, for us to address the defendant's claim that Practice Book § 43-10 (3) mandates that the trial court inquire of a defendant whether the defendant wants to speak.

The state also asserts that because the defendant testified in the first phase of the proceedings and his counsel addressed the court after that phase concluded, he was allowed "the functional equivalent of allocution" and, therefore, any error is harmless. This claim is without merit. The defendant has a right to address the court before disposition pursuant to Practice Book § 43-10 regardless of whether he has testified and counsel has argued during the first phase of the probation revocation hearing.

Pursuant to *State* v. *Strickland*, supra, 243 Conn. 339, we conclude that a new disposition hearing is required in the interests of fairness to the defendant.

The judgment as to the disposition is reversed and the case is remanded for another dispositional phase of the probation revocation proceedings, before a different judge, in which the defendant is to be allowed the right of allocution.

In this opinion the other judges concurred.