[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION TO DISMISS
The defendant's motion to dismiss is predicated upon the assertion that the information fails to charge an offense. The first count of the two-count information alleges that the defendant committed "the criminal offense of Larceny in the firstCT Page 14534degree, in violation of section 53a-122(a)(4) of the ConnecticutGeneral Statutes, when the defendant, Elba Marquez, with the intent to appropriate property to herself, specifically, monetary benefits, wrongfully obtained such benefits from a state agency, specifically, the Connecticut Department of Income maintenance, when the defendant, Elba Marquez, authorized, attested or filed a claim for benefits which the defendant knew to be false and the value of such property exceeded two thousand dollars." (Emphasis in original.)
The second count of the information charges that the defendant committed "the criminal offense of Larceny in the firstdegree, in violation of section 53a-122(a)(4) of the ConnecticutGeneral Statutes, when the defendant, Elba Marquez, with the intent to appropriate property to herself, specifically, monetary benefits, wrongfully obtained such benefits from a state agency, specifically, the Connecticut Department of Income Maintenance, when the defendant, Elba Marquez, knowingly accepted the benefits from a claim the defendant knew to be false and the value of such property exceeded two-thousand dollars." (Emphasis in original.)
Section 53a-122(a)(4) provides that "[a] person is guilty of larceny in the first degree when he commits larceny as defined in section 53a-119 and . . . the property is obtained by defrauding a public community, and the value of such property exceeds two thousand dollars." Section 53a-119 states that "[a] person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. Larceny includes but is not limited to . . . (6) Defrauding of public community. A person is guilty of defrauding a public community who (A) authorizes, certifies, attests or files a claim for benefits or reimbursement from a local, state or federal agency which he knows is false; or (B) knowingly accepts the benefits from a claim he knows is false . . ."
Section 53a-119(6)(A) "sets forth two elements of the offense of defrauding a public community: (1) the defendant must have filed a claim for benefits . . . and (2) he must have done so knowing the claim to be false." State v. Robins,34 Conn. App. 694, 700, 643 A.2d 881
(1994), aff'd, 233 Conn. 527, 660 A.2d 738
(1995). Count one of the information clearly contains these two elements. Moreover, the second count properly charges that the defendant knowingly accepted the benefits from a claim she knew CT Page 14535 was false. See sec; 53a-119(6)(B).
Furthermore, notwithstanding the defendant's assertion to the contrary, § 53a-122(a)(4) applies to the circumstances of this case. The state has presented evidence which indicates that the defendant falsely represented that there were no changes in her living conditions and continued to accept benefits knowing that the claim was false. Accordingly, the defendant's motion must fail. See State v. Mitchell, 204 Conn. 187, 206,527 A.2d 1168 (1987) ("[o]n a motion to dismiss an information, the proffered proof is to be viewed most favorably to the state").
In light of the foregoing reasons, the motion to dismiss is denied.
J. Owens