## STATE OF CONNECTICUT *v.* FRANCIS PRESSLEY
## (AC 18104)

Landau, Schaller and Mihalakos, J.

Argued May 4—officially released July 25, 2000

*Donald D. Dakers*, special public defender, for the appellant (defendant).

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Nicholas J. Bove, Jr.*, assistant state's attorney, for the appellant (state).

Opinion

LANDAU, J. The defendant, Francis Pressley,[1] appeals from the judgment of the trial court revoking his probation pursuant to General Statutes § 53a-32 and committing him to the custody of the commissioner of correction for a period of two and one-half years. On appeal, the defendant claims that during sentencing, the court improperly failed to allow him the right of allocution.

Certain facts adduced at the probation hearing are relevant to this appeal. On January 14, 1994, the defendant pleaded guilty and was convicted of failure to appear in the first degree in violation of General Statutes § 53a-172 and larceny in the sixth degree in violation of General Statutes § 53a-125b. The court, *Devlin, J.*, imposed sentences of two and one-half years incarceration, execution suspended, and three years of probation, and three months incarceration, execution suspended, and one year of probation, respectively. On July 5, 1996, the court, *McKeever, J.*, found that the defendant was in violation of his probation and ordered the same sentences, but extended the length of probation to five years and imposed conditions of probation. On October 15, 1997, the court, *McKeever, J.*, once again found the defendant in violation of his probation. The court ordered the defendant to serve the full term of his original sentence. The defendant appealed from the October 15, 1997 judgment.

In his limited appeal, the defendant claims that the court improperly failed to provide him with the opportu-

---

[1] The defendant also is known as Frank Preston.

nity to address the court in the dispositional phase of the violation of probation hearing.[2] Although he concedes that he never asked to speak to the court, he asks us to review the matter as we did in *State* v. *Johnson*, 50 Conn. App. 46, 717 A.2d 786, cert. denied, 247 Conn. 923, 722 A.2d 811 (1998), and remand the case to the trial court for another dispositional phase of the probation revocation proceeding. Initially, the state maintains that because the defendant has served his entire sentence and has been released, he is no longer under the jurisdiction of the court and the case must be dismissed as moot.[3] We dismiss the appeal on the basis of mootness.

When a party challenges the jurisdiction of this court, we must first address that issue. See *State* v. *Mack*, 55 Conn. App. 232, 235, 738 A.2d 733 (1999). In his supplemental brief, the defendant agrees that *State* v. *Collic*, 55 Conn. App. 196, 738 A.2d 1133 (1999), "does not foreclose [the Appellate Court] from dismissing this appeal as moot and concedes that unless other grounds dictate against it, dismissal of [his] appeal appears warranted on the state of [the] record." He nonetheless asks that we consider two facts in deciding whether the appeal should be dismissed. First, the defendant argues, but for the extended delay by the trial court in preparing its memorandum of decision, the Appellate Court could have rendered a decision before he completed his sentence. And second, he continues, if the state had conceded that *State* v. *Johnson*, supra, 50 Conn. App. 46, controlled, the case could have been returned to the trial court for additional proceedings.

[2] At the time of the hearing, *State* v. *Strickland*, 243 Conn. 339, 703 A.2d 109 (1997), had not yet been decided. In *Strickland*, our Supreme Court held that the right to allocution applies to the dispositional phase of a violation of probation hearing. Id., 354.

[3] The mootness question was raised for the first time during oral argument before this court. To allow the parties to address the question of the collateral consequences of potential mootness, we ordered supplemental briefs on that issue. The defendant declined to address the issue of collateral consequences in his supplemental brief.

We need spend little time on the arguments put forth by the defendant. With respect to the delay in the trial court's issuing a memorandum of decision, the appellant is responsible for providing this court with an adequate record. Practice Book § 61-10. The defendant possibly could have avoided this situation by bringing the situation to the attention of the Appellate Court by asking us to exercise our supervisory powers; see Practice Book § 60-2; to order the trial court to provide the memorandum of decision in a timely fashion.[4]

As to his argument concerning *Johnson,* "[the defendant's] last point is perfectly new, and it is so startling that [we] do not apprehend it will ever become old." *Whitaker* v. *Wisbey,* 12 C.B. 44, 58, 138 Eng. Rep. 817 (C.P. 1852). The defendant, himself, "does not contest the bona fides of [the state's] contesting this issue. Even in the supplemental brief, [the state] continues to argue that *Johnson* is not controlling here." The defendant argues, however, that if the state, contrary to its convictions, would have agreed that *Johnson* controls, the defendant would not have been in the position of having his appeal heard after he served his sentence. The refutation of the defendant's argument requires nothing more than its restatement. Neither of the facts to which the defendant points affects the mootness of his appeal.

"When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no

---

[4] The defendant filed a notice that the memorandum of decision had not been filed on July 24, 1988, but no motions seeking assistance from this court.

practical relief can follow." (Citation omitted; internal quotation marks omitted.) *State* v. *Bostwick*, 251 Conn. 117, 118–19, 740 A.2d 381 (1999). In the present appeal, the defendant does not contest that the court found that he violated the terms of his probation. He has served his entire sentence. There is, therefore, no practical relief that this court can provide him, and the appeal is moot.

The appeal is dismissed.

In this opinion the other judges concurred.