STATE OF CONNECTICUT *v.* EDWARD HEDMAN
(AC 19834)

Mihalakos, Zarella and Dupont, Js.

Argued November 30, 2000—officially released March 20, 2001

 

*Martin Zeldis,* assistant public defender, for the appellant (defendant).

*Susann E. Gill,* senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Robert Brennan,* assistant state's attorney, for the appellee (state).

*Opinion*

DUPONT, J. After a hearing in this revocation of probation case, the court found the defendant, Edward Hedman, in violation of his probation, revoked it and sentenced him to the unserved remainder of the term of his original sentence. The court found that the defendant had violated the condition of probation that required him to obtain alcohol abuse testing, treatment and counseling.[1]

The sole issue on appeal is whether the right of allocution as prescribed by Practice Book § 43-10 (1) and (3) required the trial court affirmatively to offer the defendant an opportunity to address the court personally before it imposed sentence in the dispositional phase of the probation revocation hearing. The defendant claims that the right of allocution requires a court

---

[1] Ample evidence supported the court's finding of a violation and neither party disputes that finding.

to ask a defendant if the defendant wishes to make a statement in his or her own behalf if the defendant has not requested permission to make such a statement. The defendant further claims that the right is not satisfied by permitting the defendant's counsel to speak for the defendant or by asking the defendant's counsel if he or she wants to speak for the defendant. We agree with the defendant.

The defendant did not preserve the issue but claims that it is reviewable, nevertheless, under the principles of *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989),[2] the plain error doctrine or our general supervisory powers.[3] We conclude that the claim is reviewable under the plain error doctrine.

[2] *Golding* review requires, inter alia, the presence of a state or federal constitutional claim. *State* v. *Golding*, supra, 213 Conn. 239–40. The defendant here is not entitled to *Golding* review on the basis of a violation of a federal constitutional right because a violation of a procedural rule of practice regarding allocution is not jurisdictional or constitutional. *Hill* v. *United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). Although there is no federal constitutional right involved in this case, there may be a state constitutional right. Article first, § 8, of the constitution of Connecticut provides in relevant part that "[i]n all criminal prosecutions, the accused shall have a right to be *heard by himself* and by counsel . . . ." (Emphasis added.) The courts have not yet interpreted that section to include the right of allocution but have interpreted it as guaranteeing the right of self-representation. *State* v. *Day*, 233 Conn. 813, 820, 661 A.2d 539 (1995). In view of our conclusion that the present case warrants plain error review, we do not reach the question of whether article first, § 8, of the constitution of Connecticut would, as the defendant argues, provide a basis for *Golding* review.

[3] In *State* v. *Johnson*, 50 Conn. App. 46, 48, 717 A.2d 786, cert. denied, 247 Conn. 923, 722 A.2d 811 (1998), we reviewed a claim involving the right of allocution under our general supervisory powers. In that case, at the time the defendant requested an opportunity to speak at the dispositional phase of his probation revocation hearing, our Supreme Court had not yet decided *State* v. *Strickland*, 243 Conn. 339, 354, 703 A.2d 109 (1997), which established that the right of allocution exists during a violation of probation hearing. In the present case, the hearing occurred *after* our Supreme Court decided *Strickland*. Although we need not determine whether the present case warrants review under our general supervisory powers, we note that we could elect to conduct such a review because of the nature and significance of the issue. See *West Hartford Interfaith Coalition, Inc.* v. *Town*

A probation hearing has two distinct components. First, "the court conducts an adversarial evidentiary hearing to determine whether the defendant has indeed violated a condition of probation. . . . Second, if the evidence supports a violation, the court exercises its discretion and determines whether the beneficial, rehabilitative purposes of probation are still being served or whether the need to protect the public outweighs the probationer's interest in liberty." (Citations omitted.) *State* v. *Reilly*, 60 Conn. App. 716, 725–26, 760 A.2d 1001 (2000). Thus, an appellate court will affirm a reinstatement of an original sentence or an order of incarceration absent a manifest abuse of discretion or injustice requiring reversal. Id., 726. In the present case, the defendant claims that an injustice has occurred.

We are concerned here solely with the dispositional phase of the violation of probation hearing. The defendant did not ask the court for permission to speak before it imposed the sentence. The court did ask counsel for the state and defense counsel if they wished to speak. Defense counsel did not state in his remarks that the defendant waived his right to allocution. The defendant claims that the court violated his right to allocution when it did not ask him if he personally wanted to address the court. The defendant claims further that Practice Book § 43-10 requires us to vacate the sentence imposed and to order a new dispositional sentencing proceeding before a different court. No Connecticut case has afforded an interpretation of Practice Book § 43-10 against a backdrop of facts similar to those of this case.

We must determine the correct interpretation of the words of Practice Book § 43-10,[4] which provides in rele-

---

*Council*, 228 Conn. 498, 507, 636 A.2d 1342 (1994); *State* v. *Johnson*, supra, 49; see also Practice Book § 60-2.

[4] Practice Book § 43-10 provides in relevant part: "Before imposing a sentence or making any other disposition after the acceptance of a plea of guilty or nolo contendere or upon a verdict or finding of guilty, the judicial

vant part that "[t]he judicial authority shall afford the parties an opportunity to be heard . . . [and] shall allow the defendant a reasonable opportunity to make a personal statement in his or her own behalf and to present any information in mitigation of the sentence. . . ." Phrased differently, the question is whether the trial court has an affirmative duty to ask the defendant at sentencing if he wants to say anything or if the rules of practice require the trial court to allow the defendant an opportunity to speak only upon the request of the defendant or his attorney. The words of the rules of practice and Connecticut case law make clear that, at the very least, the defendant has the latter right. *State* v. *Mourning*, 249 Conn. 242, 248, 733 A.2d 181 (1999); *State* v. *Strickland*, 243 Conn. 339, 354, 703 A.2d 109 (1997).

It also is settled that Practice Book § 43-10 (3) applies during a violation of probation hearing. *State* v. *Strickland*, supra, 243 Conn. 354. Moreover, if the court orders the defendant to serve the balance of his sentence immediately after it finds a violation and then adjourns for the day immediately after imposition of that sentence, the court has deprived the defendant of a reasonable opportunity to exercise the right of allocution. *State* v. *Johnson*, 50 Conn. App. 46, 50, 717 A.2d 786, cert. denied, 247 Conn. 923, 722 A.2d 811 (1998). *Johnson* also determined that neither the defendant's testi-

---

authority shall, upon the date previously determined for sentencing, conduct a sentencing hearing as follows:

"(1) The judicial authority shall afford the parties an opportunity to be heard and, in its discretion, to present evidence on any matter relevant to the disposition, and to explain or controvert the presentence investigation report, the alternate incarceration assessment report or any other document relied upon by the judicial authority in imposing sentence. . . .

\* \* \*

"(3) The judicial authority shall allow the defendant a reasonable opportunity to make a personal statement in his or her own behalf and to present any information in mitigation of the sentence. . . ."

mony nor his counsel's argument during the first component of the hearing satisfies the right of allocution. If the defendant is entitled to a new hearing of the dispositional phase, a different judge should conduct that hearing. See id., 51; see also *State* v. *Strickland*, supra, 354. An appellate court of Connecticut has not yet decided, however, whether Practice Book § 43-10 (1) or (3) mandates that a trial court inquire of a defendant whether the defendant wants to speak before it imposes sentence during the dispositional phase of the violation of probation hearing.

We now turn to whether a plain error review is warranted and, if so, whether the defendant can prevail on his claim that plain error exists. If a statute imposes a duty, the failure to comply with that statute may constitute plain error. See *State* v. *Yurch*, 229 Conn. 516, 521, 641 A.2d 1387, cert. denied, 513 U.S. 965, 115 S. Ct. 430, 130 L. Ed. 2d 343 (1994); *State* v. *Thurman*, 10 Conn. App. 302, 308–309, 523 A.2d 891, cert. denied, 204 Conn. 805, 528 A.2d 1152 (1987). "Where the legislature has chosen specific means to effectuate a fundamental right, failure to follow the mandatory provisions of the statute is plain error, reviewable by this court." *State* v. *Burke*, 182 Conn. 330, 331–32, 438 A.2d 93 (1980). The failure to follow a procedural rule prescribing court procedures can also constitute plain error. *State* v. *Johnson*, 214 Conn. 161, 171 n.10, 571 A.2d 79 (1990); *State* v. *Pina*, 185 Conn. 473, 482, 440 A.2d 962 (1981); *State* v. *Tinsley*, 59 Conn. App. 4, 18, 755 A.2d 368, cert. denied, 254 Conn. 938, 761 A.2d 765 (2000); *State* v. *Robins*, 34 Conn. App. 694, 706, 643 A.2d 881 (1994), aff'd, 233 Conn. 527, 660 A.2d 738 (1995). When a rule effectuates a fundamental right, noncompliance with its mandatory requirements will require a plain error review. A *plain error review* does not necessarily require the conclusion that a defendant will prevail in the claim that *plain error exists*.

Ordinarily, a fundamental right is equated with an implied or explicit constitutional right. See *Zapata* v. *Burns*, 207 Conn. 496, 505–506, 542 A.2d 700 (1988). A right is not fundamental if it has no protection in either the state or federal constitution, a statute or the common law. See *Liistro* v. *Robinson*, 170 Conn. 116, 124–25, 365 A.2d 109 (1976). In this case, Practice Book § 43-10 codifies the common-law right of allocution, which is a fundamental right when raised on direct appeal.[5] *Green* v. *United States*, 365 U.S. 301, 304, 81 S. Ct. 653, 5 L. Ed. 2d 670 (1961); see *Hill* v. *United States*, 368 U.S. 424, 428–29, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). Prior to codification by rule, the right had existed at common law since 1689. *Green* v. *United States*, supra, 304. Our rule, as does Federal Rule of Criminal Procedure 32 (a), "explicitly affords the defendant *two rights*: to make a statement in his own behalf, and to present any information in mitigation of punishment." (Emphasis added; internal quotation marks omitted.) Id.

In determining if a right is fundamental, judges must look to the "traditions and [collective] conscience of our people . . . ." *Snyder* v. *Massachusetts*, 291 U.S. 97, 105, 54 S. Ct. 330, 78 L. Ed. 674 (1934); see *Griswold* v. *Connecticut*, 381 U.S. 479, 487, 85 S. Ct. 1678, 14 L. Ed. 2d 510 (1965) (Goldberg, J., concurring). *Griswold* concerns a fundamental, or implicit constitutional right of privacy, which rests on the fundamental right of personal liberty. The right of allocution is fundamental because it affects personal liberty, although it is not a right guaranteed by the federal constitution. The right of allocution rests instead on the traditions of the common law.

According to Ballentine's Law Dictionary (3d Ed. 1969), allocution is the traditional formal inquiry under

---

[5] Our holding in the present case is limited to timely direct appeals from the imposition of sentence.

the common law, which exists by statute in some jurisdictions, and directs the court to ask defendants before sentencing if they have anything to say before the court pronounces sentence. Although *Strickland* strongly supports the accuracy of that definition; *State* v. *Strickland*, supra, 243 Conn. 343; the facts of *Strickland* relate to a situation where the defendant sought to speak but the court denied him that opportunity, although it had asked defense counsel if he had anything to say. Id., 342–43. In *State* v. *Strickland*, supra, 346, our Supreme Court, quoting *Green* v. *United States*, supra, 365 U.S. 304, stated: "The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." (Internal quotation marks omitted.)

In the present case, the court did not deny a request by the defendant for an opportunity to speak, nor did it inquire of the defendant if he wished to speak before sentencing. We rely on the principles of *Strickland* and the cases of *Green* v. *United States*, supra, 365 U.S. 301, and *Hill* v. *United States*, supra, 368 U.S. 424, to hold that Practice Book § 43-10 (3) requires that a trial court personally address a defendant and ask if he wants to say anything in his own behalf or to present any information in mitigation of sentence before it imposes sentence.

Unlike the present case, *Green* and *Hill* do not involve direct appeals from the imposition of sentence. They involved actions brought some years after sentencing on the ground that the sentences were illegal under rule 35 of the Federal Rules of Criminal Procedure. Both cases acknowledge the right of allocution as including the right of a defendant personally to receive an invitation from the trial judge to speak prior to sentencing pursuant to Federal Rule of Criminal Procedure 32 (a). In 1961 and 1962, the relevant dates of both the

*Green* and *Hill* decisions, rule 32 (a) was nearly identical to Practice Book § 43-10 (3).[6]

The federal rule provided that before imposing sentence, the court "shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment." The only differences between the two rules is that the Connecticut rule modifies the word "opportunity" with the word "reasonable," modifies the word "statement" with "personal" and substitutes the word "sentence" for "punishment." The Connecticut rule's provision for a *personal* statement provides an even more compelling reason to conclude that only the defendant can provide a statement to the court than the words of the federal rule as it existed when the United States Supreme Court decided *Hill* and *Green*.

The similarity of language between Practice Book § 43-10 and the federal rule, as interpreted in *Green* and approved in *Hill*, persuades us to conclude, as the United States Supreme Court did, that allocution includes a defendant's right to speak after a personal invitation from the court. At common law, a court's failure to ask the defendant if he had anything to say before sentencing required reversal. *Green* v. *United States*, supra, 365 U.S. 304. Changes in criminal procedure may have lessened the need for the common-law rule, but many states have codified the rule by statute or by rule because reasons still exist for the protection

---

[6] Federal Rule of Criminal Procedure 32 (a) was amended in 1966 to provide that the court "shall address the defendant personally and ask him if he wishes to make a statement in his own behalf . . . ." The advisory committee's note on the amendment states that it wrote "into the rule the holding of the Supreme Court," and the committee cites both *Green* and *Hill. Green* establishes that it is an inflexible requirement under rule 32 (a) that a trial court specifically address the defendant before imposing sentence. *Hill*, decided during the next Supreme Court term, reiterates that interpretation but does not conclude that a violation of the rule renders a sentence illegal.

of that right. Id.; *State* v. *Strickland*, supra, 243 Conn. 344–45. Connecticut has codified the common law in Practice Book § 43-10 in the same manner as the federal courts codified the common law in Federal Rule of Criminal Procedure 32 (a) as it existed in 1961 and, subsequently, in rule 32 (c) (3) (C). We find the federal cases interpreting the federal rule persuasive in the interpretation of our own rule of practice on the same subject and, therefore, conclude that a plain error review is required.

The present case does not lend itself to a traditional analysis of whether a defendant can prevail on the merits of his claim that plain error exists, requiring remedial action. See *State* v. *Day*, 233 Conn. 813, 849–52, 661 A.2d 539 (1995). The existence of plain error ordinarily requires an affirmative answer to the question of whether a failure to reverse a judgment will result in injustice or whether a particular trial error so affected the result of the trial as to create an injustice. We are not here concerned with any errors during a trial, but with an omission of a right mandated by the rules of practice, which omission occurred posttrial.

It is not every case that requires a harmless error analysis to determine if the plain error involved requires reversal. It would be reasonable to conclude that the principle of harmless error may be inconsistent with the language of a rule of practice enacted for the protection of a common-law right. See *State* v. *Sinclair*, 197 Conn. 574, 585, 500 A.2d 539 (1985). Some plain errors, such as those involving structural defects, are not subject to harmless error analysis. *State* v. *Day*, supra, 233 Conn. 823 n.6. We conclude that the omission in this case is not subject to a harmful error analysis because the omission can never be harmless. See *State* v. *Suplicki*, 33 Conn. App. 126, 130, 634 A.2d 1179 (1993), cert. denied, 229 Conn. 920, 642 A.2d 1216 (1994).

In the present case, we can never know what the defendant might have said prior to sentencing or how his statement might have affected the court. Where there is an absence of a procedure that is mandated by rules or statutes that are based on constitutional or fundamental rights, automatic reversal may be necessary without any harmless error analysis. See *State* v. *Carter*, 182 Conn. 580, 581, 438 A.2d 778 (1980); *State* v. *Burke*, supra, 182 Conn. 333–34; *State* v. *Suplicki*, supra, 33 Conn. App. 130. When the plain error is not grounded, however, in a constitutional or fundamental right, although it is mandated by rule or statute, a harmless error analysis is required. *State* v. *Day*, supra, 233 Conn. 848–50. When an appellate court undertakes a harmless error analysis, the state bears the burden of proving the harmlessness of the error beyond a reasonable doubt. *State* v. *Yurch*, supra, 229 Conn. 523.

In the present case, even if we assume a harmless error analysis is required, we conclude that the state cannot satisfy its burden. The question is whether, as a matter of law, the state can show that the court's failure to give the defendant the opportunity to speak prior to sentencing did not influence the sentence. See *State* v. *Cohane*, 193 Conn. 474, 485–86, 479 A.2d 763, cert. denied, 469 U.S. 990, 105 S. Ct. 397, 83 L. Ed. 2d 331 (1984); *State* v. *Thurman*, supra, 10 Conn. App. 313. In this case, the court sentenced the defendant to the entire unserved remainder of his sentence. We cannot conclude that the court's sentence would have remained the same, uninfluenced by the defendant, had the court asked him to speak in mitigation of the entire sentence and had the defendant spoken directly to the court in his own words.

The most recent Connecticut Supreme Court case discussing the right of allocution is *State* v. *Strickland*, supra, 243 Conn. 339. That case cites Practice Book § 919 (3), the predecessor rule to Practice Book § 43-10,

and determines that it applies to violation of probation hearings. *State* v. *Strickland,* supra, 346–50. *Strickland* forcefully argues for the right of allocution and relies on *Green* in support of its conclusion. Id., 343–46. The court in *Strickland* also cites those sections of *Green* that unequivocally state that the right requires a trial court to inquire of the defendant personally as to whether the defendant wants to speak prior to sentencing. Id., 345–46; see *Green* v. *United States,* supra, 365 U.S. 304. Just as *Strickland* held that the denial of a request to speak before sentencing requires an automatic remand for resentencing, we hold that the failure to inquire of the defendant if he had anything to say before sentencing requires an automatic remand for resentencing.

*Strickland* does not cite *State* v. *Carr,* 172 Conn. 458, 374 A.2d 1107 (1977), which held that a sentencing court's denial of the request of a defendant represented by counsel to address the court prior to sentencing was not an omission of constitutional dimension. *Carr* did not interpret the Connecticut rule of practice because the forerunner of the rule, namely, Practice Book § 2330 (2), did not apply to its facts. That section is identical to Practice Book § 43-10 (3), but § 2330 (2) did not become effective until October 1, 1976, which was subsequent to the date of the defendant's sentencing in *Carr.* The *Carr* case, therefore, did not involve a Practice Book rule that codified the common-law right of allocution because no such rule existed at the time of its events.

*Carr* acknowledges, however, that rule 32 (a) of the Federal Rules of Criminal Procedure requires that the defendant be given an opportunity to speak in his own behalf before sentencing. *State* v. *Carr,* supra, 172 Conn. 474. *Carr* also states that if the omission of the right of allocution is held to be reversible error, a reversal applies to the sentence only and relief is limited to a remand for reimposition of sentence after allocution

has been offered. Id. Although *Carr* correctly determines that *United States* v. *Hill*, supra, 368 U.S. 428,[7] does not hold that the procedural right is constitutional, it does not speak to the issue of the present case, which is whether Practice Book § 43-10 (3) requires a court specifically to ask a defendant if he wants to speak on his own behalf prior to sentencing and, if the court does not, whether resentencing is necessary. See *State* v. *Carr*, supra, 475.

*Strickland* does not cite *Carr*, perhaps because the right of allocution had not yet been codified by rule in Connecticut until 1976, and was not, therefore, applicable to *Carr*. The two cases can thus be read compatibly, but it is *Strickland* on which we rely for its strong endorsement of *Green*, and, thus, its sub silentio approval of the proposition that our rule of practice and the very similar federal rule require that the sentencing court ask defendants if they want to speak in their own behalf prior to sentencing. Those cases that discuss plain error, where automatic reversal is not required, speak to whether the error is so obvious as to affect the fairness, integrity and public confidence in judicial proceedings. Failure to follow United States Supreme Court precedent does not enhance public confidence in a judicial proceeding, which confidence is least threatened when we follow both our rules of practice relating to fundamental or constitutional rights and federal precedent. See *State* v. *Thurman*, supra, 10 Conn. App. 316.

The judgment is reversed only as to the imposition of the sentence and the case is remanded for further proceedings, before a different court, in which that court shall address the defendant personally to determine whether he wants to exercise his right of allocu-

---

[7] *State* v. *Carr*, supra, 172 Conn. 458, does not cite *United States* v. *Green*, supra, 365 U.S. 301, and *State* v. *Strickland*, supra, 243 Conn. 339, does not cite *United States* v. *Hill*, supra, 368 U.S. 424.

tion prior to the court's imposition of sentence. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.