STATE OF CONNECTICUT *v.* WILLIAM VALEDON
(AC 20383)

Lavery, C. J., and Schaller and Cretella, Js.

Argued February 13—officially released April 17, 2001

*Jerald S. Barber,* for the appellant (defendant).

*Joy K. Fausey,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Laura DeLeo,* assistant state's attorney, for the appellee (state).

*Opinion*

CRETELLA, J. This is an appeal from a violation of probation hearing in which the court found the defendant, William Valedon, to be in violation of his probation, which resulted in the defendant being incarcerated for a substantial portion of the remainder of his original sentence. On appeal, the defendant claims that the evidence was insufficient to support the finding of a violation of probation and that he was deprived of the right of allocution to address the court personally prior to sentencing.

We first address the issue of the sufficiency of the evidence, for should it be found to be lacking, we need not address the allocution issue. Should it be necessary to address the allocution issue, which was unpreserved in the trial court, we would first have to determine if there is a basis for our doing so.

The defendant pleaded guilty to the crimes of risk of injury to a child and sexual assault in the fourth degree, and was given an effective sentence of five years' incarceration, execution suspended after sixty days with three years probation. Conditions of probation included, among other things, that he not have any contact in any form, direct or indirect, with children under the age of sixteen; that he not possess children's clothes, toys, games, etc.; and that he not go to or loiter near school yards, parks, playgrounds, swimming pools,

arcades or other places primarily used by children under the age of sixteen.

From the evidence presented, the court reasonably could have found that the probation officer had observed the defendant at a baseball park watching a softball game and that many children were in the immediate area. Further, some nine days after the ballpark incident, the probation officer visited the defendant's home and found two males who appeared to be less than ten years of age in the vicinity of the defendant outside of his home and, further, found items of children's toys, games and clothing in the defendant's home.

The defendant argues that the state failed to prove by a fair preponderance of the evidence, the standard for a violation of probation hearing; *State* v. *Davis*, 229 Conn. 285, 295, 641 A.2d 370 (1994); that the defendant had any actual contact with the children. He further argues that it cannot be a violation for the defendant to be in a park or in a ball field if there are no minor children actually there. We disagree.

The conditions of the defendant's probation were precise and clear. The defendant was not to visit any park that was utilized by minor children, nor was he to have any contact with minor children, which the court properly interpreted to mean that the defendant could not be around children.

The finding of a violation of probation must be supported by evidence that would induce a reasonable belief that it is more probable than not that the defendant has violated a condition of his probation. This court may reverse a trial court's initial factual determination of a violation only if it determines that such finding was clearly erroneous. A finding is clearly erroneous when there is no evidence to support it, and, in making this determination, this court will give every reasonable presumption in favor of the trial court's

ruling. See id., 302; *State* v. *Jones*, 55 Conn. App. 243, 247, 739 A.2d 697 (1999), cert. denied, 253 Conn. 922, 754 A.2d 798 (2000). We conclude that there was sufficient evidence to support the court's finding.

Turning our attention to the issue of allocution, it is noted that this issue was not preserved at the trial level, and, although the defendant's brief is totally lacking as to any reason why we should take up this unpreserved issue, we will do so in the exercise of our supervisory authority for reasons set forth herein. In *State* v. *Johnson*, 50 Conn. App. 46, 48, 717 A.2d 786, cert. denied, 247 Conn. 923, 722 A.2d 811 (1998), this court considered the issue of allocution under our supervisory authority. The underlying facts in *Johnson* are strikingly similar to those here. In *Johnson*, as here, the court found a violation of probation and then immediately sentenced the defendant, as the court did here. The slight difference between *Johnson* and the present case is that in *Johnson*, immediately after imposing sentence, the court adjourned and left the bench. Id. In the case before us, the record reveals that immediately after finding the defendant to be in violation of probation and sentencing him, the court remained available for a short period of time while handling administrative matters such as exhibits and an appeal bond. This distinction, however, does not address the issue of whether we should review an unpreserved claim concerning the requirement that the trial court inquire of a defendant as to whether the defendant wishes to make any statement prior to sentencing.

The *Johnson* case was remanded for a resentencing in light of our Supreme Court's decision in *State* v. *Strickland*, 243 Conn. 339, 354, 703 A.2d 109 (1997), which established that the right of allocution applies not only to sentences imposed after conviction, but also to sentences imposed as a result of a violation of probation. *Strickland* had not been decided at the time

of the sentencing in *Johnson*, and, accordingly, this court, pursuant to our supervisory authority; Practice Book § 60-2; remanded the case in *Johnson* for resentencing and to allow the defendant to exercise his right of allocution. *State* v. *Johnson*, supra, 50 Conn. App. 50–51.

We find ourselves in a similar situation because of the recent decision of this court in *State* v. *Hedman*, 62 Conn. App. 403, 772 A.2d 603 (2001). Although the *Johnson* remand was based on the *Strickland* decision, this court indicated in *Johnson* that the defendant should have been given an opportunity to speak. *Hedman* has established that the trial court now has an obligation to inquire of defendants personally if they wish to speak before the court imposes a sentence. Pursuant to *Hedman*, we conclude that a new dispositional hearing is required in the interest of fairness to the defendant.

The judgment as to the disposition is reversed and the case is remanded for another dispositional phase of the probation revocation proceedings, before a different judge, in which the defendant is to be allowed the right of allocution. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.