STATE OF CONNECTICUT *v.* WILLIAM JAMES
(AC 20272)

Lavery, C. J., and Flynn and O'Connell, Js.

Argued April 24—officially released June 12, 2001

*Mark Rademacher*, assistant public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Gary Nicholson*, senior assistant state's attorney, for the appellee (state).

*Opinion*

LAVERY, C. J. This matter is before us following a resentencing pursuant to *State* v. *James*, 54 Conn. App. 26, 734 A.2d 1012, cert. denied, 251 Conn. 903, 738 A.2d 1092 (1999). On appeal, the defendant claims that the trial court failed to impose the specific sentence directed by our decision in *State* v. *James*, supra, 26. We dismiss the defendant's appeal as moot.

The following facts are relevant to this appeal. The defendant was convicted of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1), use of a firearm in the commission of a class A, B or C felony in violation of General Statutes § 53-202k and criminal possession of a weapon in violation of General Statutes § 53a-217. "The defendant was sentenced as follows: manslaughter in the first degree—twenty years imprisonment, suspended after ten years, followed by three years probation; use of a firearm in the commission of a class A, B or C felony—five years imprisonment to run consecutively; and criminal possession of a firearm—two years imprisonment to run concurrently with count one." *State* v. *James*, supra, 54 Conn. App. 50. The defendant was therefore sentenced to a total effective sentence of twenty-five years imprisonment, execution suspended after fifteen years, followed by three years of probation. On appeal, we vacated the defendant's conviction for the use of a firearm in the commission of a class A, B or C felony in violation of § 53-202k.[1] We held, pursuant to *State* v. *Dash*, 242 Conn. 143, 150, 698 A.2d 297 (1997), that "although the total effective sentence in this case was proper, it must be modified to reflect the fact that § 53-202k was not a separate offense." *State* v. *James*, supra, 50. We then remanded the case to the trial court to resentence the defendant for manslaughter in the first degree and criminal possession of a weapon to a total effective sentence of twenty-five years imprisonment, execution suspended after ten years, with three years of probation to follow.

At the resentencing, the court, following argument by counsel, resentenced the defendant on the manslaughter conviction to twenty years imprisonment, execution suspended after fifteen years, with three years of probation, to run concurrently to a term of

---

[1] The judgment was affirmed in all other respects. *State* v. *James*, supra, 54 Conn. App. 50.

two years imprisonment on the possession of a firearm conviction. The defendant then filed the present appeal.

On appeal, the defendant argues that the court improperly refused to impose a sentence of twenty-five years, execution suspended after ten years, followed by three years of probation, as directed by *State* v. *James*, supra, 54 Conn. App. 50. The defendant argues that, pursuant to *James*, the effective sentence should be suspended after he serves ten years, rather than fifteen years. The state argues in response that in resentencing the defendant, the court properly corrected an obvious clerical error in the mandate of this court.

We note initially that "[i]n carrying out a mandate of this court, the trial court is limited to the specific direction of the mandate as interpreted *in light of the opinion. . . . This is the guiding principle that the trial court must observe. . . . The trial court should examine the mandate and *the opinion of the reviewing court and proceed in conformity with the views expressed therein.*" (Citations omitted; emphasis in original; internal quotation marks omitted.) *West Haven Sound Development Corp.* v. *West Haven*, 207 Conn. 308, 312, 541 A.2d 858 (1988); see also *State* v. *Graham*, 45 Conn. App. 12, 16, 692 A.2d 1306, cert. denied, 241 Conn. 923, 697 A.2d 360 (1997). The trial court "may correct a clerical error in the mandate; it cannot render a new or different judgment." *Mazzotta* v. *Bornstein*, 105 Conn. 242, 244, 135 A. 38 (1926).

The trial court, therefore, has the authority to correct a clerical error in following a mandate from this court. We need not decide whether the court properly did so in this case, however, because events subsequent to the defendant's resentencing render the defendant's appeal moot. On April 18, 2001, this court issued an amended rescript that corrected the clerical error in the original

rescript.[2] The case has been remanded to the trial court with direction to sentence the defendant to a total effective sentence of twenty-five years imprisonment, execution suspended after fifteen years, with three years of probation.[3]

"When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *State* v. *Pressley*, 59 Conn. App. 77, 80–81, 755 A.2d 929 (2000). In the present case, by virtue of the amended rescript, there is no practical relief that this court can provide to the defendant, and, therefore, the appeal is moot.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[2] The amended rescript provides as follows: "The judgment is reversed in part and the case is remanded with direction to vacate the defendant's conviction for use of a firearm in the commission of a class A, B or C felony in violation of General Statutes § 53-202k and to resentence the defendant for manslaughter in the first degree and criminal possession of a weapon to a total effective sentence of twenty-five years imprisonment, execution suspended after fifteen years, with three years of probation to follow. The judgment is affirmed in all other respects."

[3] A corrected page was filed in the Connecticut Law Journal on May 22, 2001, to reflect this change. See *State* v. *James*, supra, 54 Conn. App. 50.