## STATE OF CONNECTICUT *v.* GLENN STONE
## (AC 21429)

Foti, Landau and Flynn, Js.

Submitted on briefs June 13—officially released August 28, 2001

*James M. Fox,* special public defender, filed a brief for the appellant (defendant).

*Scott J. Murphy,* state's attorney, *Susan C. Marks,* supervisory assistant state's attorney, and *Terri Sonnemann,* assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Glenn Stone, appeals from the trial court's judgment, rendered pursuant to General Statutes § 53a-32, revoking his probation and committing him to the custody of the commissioner of correction to serve thirty-two months, the remaining suspended portion of his previously imposed sentence.

On appeal, the defendant asserts that the trial court improperly denied him the right of allocution after it found that he had violated the terms of his probation and before it imposed his sentence. We agree. Therefore, we reverse the court's judgment and remand the matter to the trial court for a new dispositional hearing.

In 1995, the defendant, after pleading guilty to a violation of General Statutes § 14-227a, operating a motor vehicle while under the influence, received a total effective sentence of three years, execution suspended after 120 days, followed by four years probation. On February 23, 1999, the defendant pleaded guilty to a violation of § 14-227a. As a result of the conviction, he was charged with a violation of probation. Following a hearing, the court found that the defendant was in violation of the terms of his probation. Thereafter, the court revoked his probation and imposed his sentence. The defendant did not have an opportunity to allocute prior to sentencing. The court declined to hear remarks by the defendant or the witnesses presented on his behalf.

We review the defendant's unpreserved claim under the plain error doctrine. Practice Book § 60-5; see *State* v. *McDuffie*, 51 Conn. App. 210, 216–17, 721 A.2d 142 (1998), cert. denied, 247 Conn. 958, 723 A.2d 814 (1999).

A defendant has the right personally to address the court at the time of sentencing in the dispositional phase of a probation revocation hearing. See *State* v. *Strickland*, 243 Conn. 339, 354, 703 A.2d 109 (1997); see also Practice Book § 43-10 (3).

The judgment is reversed only as to the imposition of the sentence and the case is remanded for further proceedings, before a different judge.[1] At that time, the

---

[1] On appeal, both parties seek resentencing before a different judicial authority. See *State* v. *Hedman*, 62 Conn. App. 403, 415, 772 A.2d 603, cert. granted on other grounds, 256 Conn. 909, 772 A.2d 602 (2001).

court should allow the defendant to exercise his right of allocution prior to the court's imposition of sentence. The judgment is affirmed in all other respects.