STATE OF CONNECTICUT *v.* MICHAEL HILTON
(AC 20883)

Lavery, C. J., and Mihalakos and Bishop, Js.

Argued September 20—officially released November 19, 2002

*Michael Hilton,* pro se, the appellant (defendant).

*Lisa A. Riggione,* senior assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *John A. Massameno,* senior assistant state's attorney, for the appellee (state).

PER CURIAM. The pro se defendant, Michael Hilton,[1] also known as Jeromie Thorpe, appeals from the judgment of the trial court denying his motion for the correction of an illegal sentence. We affirm the judgment of the trial court.

On April 7, 1995, a jury returned a verdict finding the defendant guilty of murder, possession of narcotics with intent to sell by a person who is not drug-dependent and possession of narcotics. The court rendered judgment in accordance with the verdict and sentenced the defendant to an effective prison term of sixty years. This court, on direct appeal, affirmed the judgment of conviction. *State* v. *Hilton*, 45 Conn. App. 207, 694 A.2d 830, cert. denied, 243 Conn. 925, 701 A.2d 659 (1997), cert. denied, 522 U.S. 1134, 118 S. Ct. 1091, 140 L. Ed. 2d 147 (1998).

In the previous appeal, we noted that a discrepancy existed between the original information charging the defendant and the subsequent trial court documents. "While the original information charged a violation of *General Statutes § 53a-54a*, the state's substitute information and bill of particulars charged a violation of *General Statutes § 53a-54b*, the statutory provision for capital felony. The judgment file also shows a conviction under § 53a-54b. The state's brief cites § 53a-54b, but the defendant's brief cites § 53a-54a. The case, however, was tried pursuant to § 53a-54a and the trial court instructed [the jury] pursuant to § 53a-54a. *We conclude that this inconsistency is a result of a scrivener's error.*" (Emphasis added.) *State* v. *Hilton*, supra, 45 Conn. App. 208 n.2. That discrepancy was nothing more

---

[1] The office of the chief public defender initially represented the defendant in this matter, but subsequently filed a motion to withdraw pursuant to *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). That motion was granted on September 27, 2000.

than a clerical error; therefore, it could be corrected at any time. See *Blake* v. *Blake*, 211 Conn. 485, 494, 560 A.2d 396 (1989); *State* v. *Wilson*, 199 Conn. 417, 436–37, 513 A.2d 620 (1986).

The defendant filed a motion for the correction of the illegal sentence on March 30, 2000, alleging that the discrepancy was not a scrivener's error and that his due process rights were violated. In a memorandum of decision filed May 26, 2000, the court denied the motion. The court noted that it was bound by our decision that the numerous references[2] to the incorrect statute, § 53a-54b, were the result of scrivener's errors. On May 30, 2000, a corrected judgment mittimus was filed.

It is well established that "[i]n carrying out a mandate of this court, the trial court is limited to the specific direction of the mandate as interpreted *in light of the opinion*. . . . This is the guiding principle that the trial court must observe. . . . Compliance means that the direction is not deviated from. . . . It is the duty of the trial court on remand to comply strictly with the mandate of the appellate court . . . . No judgment other than that directed or permitted by the reviewing court may be rendered . . . . The trial court should examine the mandate and *the opinion of the reviewing court and proceed in conformity with the views expressed therein*." (Citations omitted; emphasis in original; internal quotation marks omitted.) *West Haven Sound Development Corp.* v. *West Haven*, 207 Conn. 308, 312, 541 A.2d 858 (1988); *State* v. *James*, 63 Conn. App. 697, 700, 778 A.2d 987 (2001); *State* v. *Graham*, 45 Conn. App. 12, 16, 692 A.2d 1306, cert. denied, 241 Conn. 923, 697 A.2d 360 (1997).

This court specifically determined that the discrepancy between the original information and the subse-

---

[2] In addition to the substitute information and bill of particulars, the judgment file and the judgment mittimus all cite General Statutes § 53a-54b.

quent documents was a result of a scrivener's error. The trial court lacked the authority to grant the defendant's motion because to do so would expressly contradict the opinion set forth by this court.

The judgment is affirmed.