STATE OF CONNECTICUT *v.* EDWARD HEDMAN
(SC 16514)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued March 15—officially released August 13, 2002

*Susann E. Gill*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Robert Brennan*, assistant state's attorney, for the appellant (state).

*Martin Zeldis*, assistant public defender, for the appellee (defendant).

*Opinion*

VERTEFEUILLE, J. As in the companion case of *State v. Valedon*, 261 Conn. 381, 802 A.2d 836 (2002), which we also have decided today, this certified appeal requires us to determine whether Practice Book § 43-

10 (3) requires the trial court affirmatively to offer a defendant an opportunity to address the court personally during the dispositional phase of a probation revocation hearing. In *Valedon*, we concluded that § 43-10 (3) does not require the trial court to inquire whether the defendant wishes to address the court before sentence is imposed and that an exercise of supervisory authority to require such an inquiry was not appropriate. Id., 390. Accordingly, we reverse the judgment of the Appellate Court to the contrary.

The following facts and procedural history are undisputed. On February 26, 1993, the defendant, Edward Hedman, pleaded guilty to attempted robbery in the first degree in violation of General Statutes §§ 53a-49 (a)[1] and 53a-134 (a) (3).[2] The defendant was sentenced to twelve years incarceration, execution suspended after six years, with five years of probation. The conditions of the defendant's probation included, among other things, that he undergo alcohol abuse testing, and treatment and counseling as deemed appropriate by his probation officer.

In May, 1997, the defendant was released from prison and began his period of probation. Approximately sixteen months later, the defendant's probation officer secured an arrest warrant for the defendant based on his

---

[1] General Statutes § 53a-49 (a) provides: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

[2] General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime . . . (3) uses or threatens the use of a dangerous instrument . . . . "

alleged violation of certain conditions of his probation, including repeated failure to report for appointments with probation, failure to contact the office of probation when requested, and failure to undergo required treatment for alcoholism despite many opportunities to do so. The trial court held a probation revocation hearing and concluded that the defendant had violated his probation.

Before imposing sentence, the trial court asked counsel for the defendant and the state to address the court concerning the disposition of the case.[3] The state asked that the court impose the remainder of the defendant's suspended sentence. Counsel for the defendant first asked that the court take note of the defendant's untreated alcoholism and a pending federal charge unrelated to the probation revocation process, and then requested a sentence less than six years. During this dispositional phase, the defendant did not ask to address the court, and his counsel did not ask on his behalf that the defendant be allowed to exercise his right of allocution. The trial court rendered judgment revoking the defendant's probation and sentenced him to serve the remainder of his original sentence. The defendant thereafter appealed from the trial court's judgment to the Appellate Court.

The Appellate Court concluded that Practice Book § 43-10 (3) required the trial court to address the defendant personally and because the right of allocution is a fundamental one, the failure to address the defendant personally during the dispositional phase of the probation revocation hearing constituted plain error. *State* v. *Hedman*, 62 Conn. App. 403, 410–12, 415, 772 A.2d 603 (2001). Accordingly, the Appellate Court reversed the

---

[3] The following statement of the trial court is relevant to our analysis: "Now, counsel, I direct this question to both of you. What do you feel should be done at this stage of the proceeding? That is, what is an appropriate disposition?"

judgment of the trial court as to the disposition and remanded the case for a new dispositional hearing. Id., 415.

The state petitioned this court for certification to appeal from the Appellate Court's judgment, and we granted the petition limited to the following issue: "Did the Appellate Court properly conclude that the failure of the trial court affirmatively to offer the defendant an opportunity to address the court personally before the court imposed sentence in the dispositional phase of the defendant's revocation hearing was plain error, requiring reversal of the imposition of the sentence?" *State* v. *Hedman*, 256 Conn. 909, 772 A.2d 602 (2001).

On appeal, the state claims that § 43-10 (3) does not require the trial court affirmatively to offer the defendant personally the opportunity to address the court before the court imposes sentence. The defendant responds that the trial court's failure to inquire whether he wished to address the court personally before he was sentenced violated the defendant's right of allocution. Inasmuch as *State* v. *Valedon*, supra, 261 Conn. 381, is factually and legally indistinguishable from the present case, *Valedon* controls our resolution of the certified issue in this appeal. In *Valedon*, we concluded that, although it is the better practice for the trial court to inquire whether a defendant wishes to address the court before sentence is imposed, § 43-10 (3) does not impose an affirmative duty on the trial court to make such an inquiry. Id., 390. For the reasons set forth in *Valedon*, therefore, we conclude that the defendant was not denied his right of allocution by the trial court's failure to inquire of the defendant personally whether he wanted to address the court before sentence was imposed and that such failure did not constitute plain error.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to affirm the judgment of the trial court.

In this opinion the other justices concurred.