[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — DEFENDANT'S MOTION TO DISMISS
 ISSUE PRESENTED
Whether the plaintiff's complaint should be dismissed on the ground that the court lacks subject matter jurisdiction. The court determines that the motion to dismiss should be granted.
 BACKGROUND
On February 27, 2002, the plaintiff, Peter F. Martin, filed a complaint against the defendants, Connecticut State Police Officers, Edgar Rodriguez, Roland Levesque, Timothy Osika, and Mark Piccurillo in their individual capacity. The complaint alleges that the defendants conducted an unreasonable search and seizure of the plaintiff's person and property and that the plaintiff was subjected to a warrantless arrest without probable cause in violation of the Constitution of the State of Connecticut. The plaintiff also alleges that that the acts of the defendants' were extreme and outrageous and caused the plaintiff to suffer emotional distress.
On March 19, 2002, the defendants moved to dismiss the plaintiff's complaint on the ground that the defendants are entitled to sovereign immunity and statutory immunity under General Statutes § 4-165 for the actions alleged in the complaint. On March 26, 2002, the plaintiff filed a memorandum in opposition to the motion to dismiss. The defendants filed a reply brief to the plaintiff's opposition on April 4, 2002.
 DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544 (1991). It "is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Old Saybrook, 225 Conn. 177, 185 (1993). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Martinez v. Dept. of Public Safety,258 Conn. 680, 683 (2001). "When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . Because this case comes to us on a threshold sovereign immunity issue, pursuant to a motion to dismiss . . . we do not pass on whether the complaint was legally sufficient to state a cause of action." (Citations omitted; internal quotation marks omitted.) Antinerella v. Rioux, 229 Conn. 479,489 (1994). CT Page 10605
"We have . . . recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state . . . In its pristine form, the doctrine of sovereign immunity would exempt the state from suit entirely, because the sovereign could not be sued in its own courts and there can be no legal right as against the authority that makes the law on which the right depends." (Citations omitted.) Shay v. Rossi, 253 Conn. 134, 168 (2000). This absolute bar, however, has been modified over the years both by decisional law and by legislation which confers the State's consent to sue. Id. Where "no substantial claim is made that the defendant officer is acting pursuant to an unconstitutional enactment or in excess of his statutory authority, the purpose of the sovereign immunity doctrine requires dismissal of the suit for want of jurisdiction." Id., 169.
The defendants argue that the court lacks subject matter jurisdiction because the action is barred by the doctrine of sovereign immunity and General Statutes § 4-165. They further argue that the complaint fails to allege facts sufficient to establish that the defendants acted in a wanton, reckless or malicious manner sufficient to carry their actions outside the scope of the statutory immunity provided by § 4-165. In support of their argument, the defendants rely on Shay v. Rossi,253 Conn. 134, 749 A.2d 1147 (2000) and Martin v. Brady, 64 Conn. App. 433
(2001)[1].
In response, the plaintiff asserts that the doctrine of statutory immunity is not available to the defendants because the complaint alleges conduct clearly outside the scope of authority of the defendants, with a culpable state of mind, which renders the statutory immunity unavailable. The plaintiff further contends that sovereign immunity is not available to the defendants because they are sued only in their individual capacities and not in their official capacities.
General Statutes § 4-165 provides in relevant part: "no state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. . . ." General Statutes § 4-165. "In order to determine if a state actor's conduct is caused in the discharge of his or her duties or within the granted statutory authority, it is necessary to examine the nature of the alleged conduct and its relationship to the duties incidental to the employment." Martinv. Brady, 261 Conn. 372, 377 (2002). Allegations of a misuse of governmental authority for personal gain, as well as allegations of extraneous manipulation of government authority in order to justify erroneous conduct are sufficient to take the defendants' actions outside CT Page 10606 the scope of their employment. Martin v. Brady, supra, 378; seeAntinerella v. Rioux, 229 Conn. 479, 499 (1994) (defendant's alleged actions were motivated by purely personal considerations entirely extraneous to his employer's interests.); see also Shay v. Rossi,253 Conn. 134, 173 (2000) (allegations of defendants' `improper and self-serving motives' were conduct beyond the ambit of the employment context.)
In this case, the plaintiff claims that the defendants violated his state constitutional rights while searching his property and seizing him for arrest. The plaintiff alleges that on December 1, 1998, the defendants Rodriguez and Levesque submitted two applications to a Superior Court Judge for search and seizure warrants for the plaintiff and his property. (Complaint [Complaint], dated February 19, 2002, ¶ 4.) The plaintiff claims that the defendants falsely claimed that the plaintiff, on two occasions, had been convicted of felonies and as a result was legally prohibited from purchasing or possessing firearms and, therefore, the firearms the plaintiff purchased and possessed were subject to immediate seizure. (Complaint, ¶ 5.) Two search warrants were issued and on December 2, 1998, the defendants searched the plaintiff's person, home and automobile and seized large quantities of the plaintiff's property and arrested the plaintiff. (Complaint, ¶ 6.) The plaintiff claims that the defendants' actions were conducted in front of the plaintiff's children and the occupants of the school bus picking up the plaintiff's children. (Complaint, ¶ 7.) The plaintiff alleges that the defendants knew that the plaintiff was a law-abiding businessman in town who had resided and worked in the community for many years and did not pose any danger to them or to the community. (Complaint, ¶ 8.) The plaintiff further claims that the defendants knew or should have known that by conducting the search when they did, they would expose the plaintiff's children to their activities an would inflict severe emotional trauma upon them. Id.
The plaintiff has never been convicted of a felony. (Complaint, ¶ 9.) The plaintiff claims that the defendants' assertions in the search warrant affidavits that the plaintiff was a convicted felon was the result of the reckless disregard of the plaintiff's Fourth Amendment rights. (Complaint, ¶ 10.) The plaintiff asserts that at the time of the search and arrest, the plaintiff repeatedly explained to the defendants that he was not a convicted felon, and that they had him confused with someone else. (Complaint, ¶ 11.) The defendants ignored him and in doing so, were unreasonable and acted in reckless disregard of the plaintiff's Fourth Amendment rights. Id.
The defendants arrested the plaintiff without a warrant on a charge of criminal possession of a weapon, in violation of General Statutes § CT Page 1060753a-217. (Complaint, ¶ 12.) The plaintiff claims that the defendants subjected him to verbal abuse and ridicule while he was incarcerated. (Complaint, ¶ 14.) During the search, the plaintiff claims, the defendants inflicted extensive, unreasonable and unnecessary damage upon the plaintiff's property. (Complaint, ¶ 15.) On December 14, 1998, the criminal charges against the plaintiff were dismissed. (Complaint, ¶ 16.) The plaintiff claims that as a result of the defendants' actions, he has suffered damage to his property, reputation, business, as well as ascertainable economic loss and severe emotional distress. (Complaint, ¶ 18.) The plaintiff further claims that the actions of the defendants were extreme and outrageous and were carried out with the knowledge that the plaintiff would probably to suffer emotional distress. (Complaint, ¶ 21.)
The plaintiff has not alleged conduct on the part of the defendants that fall outside the scope of their employment. There are no allegations of a misuse of governmental authority for the defendants' personal gain nor are there any allegations that the defendants acted with self-serving motives. Instead, the plaintiff's allegations assert that the defendants sought the plaintiff pursuant to an issued warrant. None of the actions are arguably outside the scope of their employment as state officers.
Next the court considers whether the plaintiff has sufficiently alleged that the defendants' conduct was "wanton, reckless or malicious" pursuant to the exception codified in General Statutes § 4-165. "In order to establish that the defendants' conduct was wanton, reckless, willful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of damage is apparent." (Internal quotation marks omitted.) Martin v. Brady, supra,261 Conn. 379, quoting, Shay v. Rossi, supra, 253 Conn. 181. "Indeed, in some instances, the mere fact that an official has acted in excess of his or her authority may suffice to prove that the conduct was wanton, reckless or malicious." Martin v. Brady, supra, 379, citing, Shay v.Rossi, supra, 182.
As discussed above, the defendants have not acted in excess of their authority. Here, after reviewing the alleged facts in the light most CT Page 10608 favorable to the plaintiff, the court concludes that the complaint fails to allege facts that demonstrated that the defendants acted in a wanton, reckless or malicious manner. There are no allegations that give rise to the level of egregiousness necessary to be considered wanton, reckless or malicious. As previously stated the facts present a search and arrest conditioned upon a warrant issued by a court.
The plaintiff asserts that the warrant was issued pursuant to false claims the defendants made in their affidavits. The plaintiff, however, has failed to make a "substantial preliminary showing that a false statement was made knowingly and intentionally, or with reckless disregard for the truth." Martin v. Brady, supra, 261 Conn. 381, citing,Frank v. Delaware, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 57 L.Ed.2d 667
(1978).
In conclusion, the plaintiff has not alleged any facts that suggest that the defendants' conduct was either outside the scope of their employment or that it was wanton, reckless or malicious. Therefore, the plaintiff's claims as alleged in the complaint are barred by the statutory immunity provided for in General Statutes § 4-165.
Accordingly, the defendants' motion to dismiss is granted.
By the Court,
(Cremins, J)