## STATE OF CONNECTICUT *v.* JAMES BAKER
(AC 34237)

Robinson, Alvord and Harper, Js.

Argued January 10—officially released April 2, 2013

*Katharine S. Goodbody*, special public defender, for the appellant (defendant).

*Jennifer Dalenta*, special deputy assistant state's attorney, with whom, on the brief, were *Stephen J. Sedensky III*, state's attorney, and *Sean P. McGuinness*, deputy assistant state's attorney, for the appellee (state).

*Opinion*

ROBINSON, J. The defendant, James Baker, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. On appeal, he claims that the sentencing court improperly denied his motion because it failed to provide him with an opportunity to allocute prior to the sentence being imposed. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On October 13, 1999, the defendant pleaded guilty pursuant to the *Alford* doctrine[1] to possession of a weapon in a correctional institution in violation of General Statutes § 53a-174a. The state indicated that the plea agreement was that the defendant "be committed to the custody of the commissioner of correction on this offense for a period

---

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

of eighteen months. That sentence will run consecutive to the sentence he is now serving on the murder conviction."[2] After fully canvassing the defendant, the court asked defense counsel if he would like to be heard. He responded in the negative. Noting that the plea agreement included an agreed upon disposition, the court adopted the disposition and sentenced the defendant to a term of incarceration of eighteen months, to run consecutive to his current sentence.

The defendant filed a motion to correct an illegal sentence on September 19, 2011, arguing that he had been denied an opportunity to allocute to mitigate the sentence. The court heard oral argument on September 21, 2011, and issued an oral decision. The court stated that "[i]t does not appear, under the facts of this case, where there's an agreement to a voluntarily entered plea that the court needs to invite a statement by the defendant" and, accordingly, denied the motion. This appeal followed.

On appeal, the defendant claims that his right to allocute should have been offered to him and that the failure to do so was harmful. He maintains that although our Supreme Court has held that the trial court has no affirmative duty to inquire whether a defendant wishes to make a personal statement in the dispositional phase of a probation revocation hearing, that holding has not been applied to sentencing hearings and should not be so applied. We are not persuaded.

We begin with our standard of review. "[A] claim that the trial court improperly denied a defendant's motion to correct an illegal sentence is reviewed pursuant to the abuse of discretion standard. . . . In reviewing claims that the trial court abused its discretion, great

---

[2] At the time of the incident, the defendant was incarcerated at the Garner Correctional Institution for a murder conviction. His maximum release date was 2044, and his estimated release date was October, 2031.

weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Citation omitted; internal quotation marks omitted.) *State* v. *Charles F.*, 133 Conn. App. 698, 704–705, 36 A.3d 731, cert. denied, 304 Conn. 929, 42 A.3d 390 (2012).

Practice Book § 43-10 provides in relevant part: "Before imposing a sentence or making any other disposition after the acceptance of a plea of guilty or nolo contendere or upon a verdict or finding of guilty, the judicial authority shall . . . conduct a sentencing hearing as follows . . . (3) The judicial authority shall allow the defendant a reasonable opportunity to make a personal statement in his or her own behalf and to present any information in mitigation of the sentence. . . ." In *State* v. *Strickland*, 243 Conn. 339, 349–54, 703 A.2d 109 (1997), our Supreme Court concluded that the predecessor to Practice Book § 43-10 (3), Practice Book § 919 (3), applied to both original sentencing hearings and the dispositional phase of probation revocation hearings. In *State* v. *Valedon*, 261 Conn. 381, 387, 802 A.2d 836 (2002), that court first noted that the plain language of Practice Book § 43-10 (3) "does not direct the trial court to address the defendant personally to inquire whether the defendant wishes to speak . . . ." In reviewing the history of the adoption of the rule, the court stated that "[l]anguage directing the trial court to 'address the defendant personally' could easily have been included in the original text of [Practice Book] § 43-10 (3) had that been the intention of the judges of the Superior Court in adopting the rule. Instead, in clear distinction to both the Federal Rules of Criminal Procedure and the Uniform Rules of Criminal Procedure, [Practice Book] § 43-10 (3) includes no requirement that the court make personal inquiry of the

defendant whether he wishes to speak before sentencing. Although it is the better practice for the trial court to inquire of each defendant whether he or she wishes to make a personal statement before being sentenced for violation of probation, and we encourage the trial court to make such an inquiry, we conclude that the plain language of [Practice Book] § 43-10 (3) does not require that such an inquiry be made . . . ." Id., 390.

Although the court in *Valedon* interpreted Practice Book § 43-10 (3) in the context of the dispositional phase of a probation revocation hearing, nothing in that decision limited the court's legal analysis to that particular factual scenario. Because Practice Book § 43-10 (3) applies to both original sentencing hearings and the dispositional phase of probation revocation hearings, the interpretation of that section by our Supreme Court applies to both kinds of hearings as well. On the basis of the reasoning in *Valedon*, we conclude that the sentencing court did not have an affirmative duty to inquire of the defendant whether he wanted to make a personal statement at the sentencing hearing. This conclusion is bolstered by the fact that in this case the defendant was sentenced pursuant to a plea bargain agreement that included an agreed upon disposition.

Moreover, even though the court did not have an affirmative duty to give the defendant an opportunity to allocute, the defendant was, in fact, given a reasonable opportunity to do so. After it entered the defendant's guilty plea and before sentencing, the court asked if defense counsel wanted to be heard. He responded, "No, your honor."

"Absent some indication to the contrary, a court is entitled to rely on counsel's representations on behalf of his or her client." (Internal quotation marks omitted.) *State* v. *Hall*, 303 Conn. 527, 536, 35 A.3d 237 (2012).

There is nothing in the record to indicate that the defendant, upon hearing defense counsel's representation, objected, demonstrated surprise or in any way gave the court reason to doubt its accuracy. In the absence of any evidence to the contrary, we conclude that when presented with a reasonable opportunity to allocute, the defendant simply declined to do so. Accordingly, the court did not abuse its discretion in denying the defendant's motion to correct an illegal sentence.

The judgment is affirmed.

In this opinion the other judges concurred.