STATE OF CONNECTICUT *v.* WILLIAM C.
PATTERSON
(AC 34124)

Robinson, Alvord and Peters, Js.

Argued March 12—officially released July 2, 2013

*Heather Golias*, assigned counsel, for the appellant (defendant).

*Sarah Hanna*, assistant state's attorney, with whom, on the brief, were *Patricia M. Froehlich*, state's attorney, and *Matthew Crockett*, assistant state's attorney, for the appellee (state).

*Opinion*

ROBINSON, J. The defendant, William C. Patterson, appeals from the judgment of the trial court revoking his probation and sentencing him to five years of incarceration. On appeal, the defendant claims that the trial court: (1) violated his due process rights when it relied

on a proffer during the dispositional phase of his probation revocation hearing; (2) abused its discretion when it relied on clearly erroneous findings of fact; and (3) violated his right to allocution pursuant to Practice Book § 43-10. We affirm the judgment of the trial court.

The court found the following facts. On November 6, 2007, the defendant was sentenced to five years of incarceration, execution suspended, and five years of probation for his conviction of the charges of possession of narcotics and risk of injury to a child. On April 7, 2009, Roberto Rosado of the Willimantic police department discovered crack cocaine in excess of one ounce in the groin area of the defendant after a motor vehicle stop. The defendant's possession of the narcotic substance was a violation of the first standard condition of his probation—that he not violate any criminal law of the United States or any other state—as well as one of his special conditions of probation, which stated that the defendant not use or possess any illegal substances.

On the basis of these facts, the court concluded that the defendant had violated the terms of his probation. It subsequently opened the November 6, 2007 judgment, revoked the defendant's probation and sentenced the defendant to five years of incarceration. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that the court's revocation of his probation on the basis of an improperly admitted, unreliable proffer by the state was a violation of his due process rights under the fourteenth amendment to the United States constitution because the information did not have the minimal indicia of reliability. Specifically, the defendant maintains that the court improperly considered the state's proffer because a proffer is not evidence and therefore is not subject to cross-examination, no witnesses testified about the pending charges

and the affidavit in support of the arrest warrant was not admitted into evidence. Because the defendant did not properly preserve this claim and did not seek review pursuant to *Golding*[1] or the plain error doctrine, we decline to review this claim.

The following procedural history is necessary to our determination that the defendant failed to raise this claim in the trial court. After the court found that the defendant had violated his probation, it immediately began the dispositional phase of the defendant's probation revocation hearing. After making an initial determination that continued probation would not be beneficial, the court asked to hear about the defendant's pending cases, remarking that it thought it was "entitled to consider those in fashioning the appropriate sentence in the instant case." Defense counsel immediately objected, arguing that they were not relevant because they occurred prior to the defendant's arrest for the violation of probation. The court countered that those pending charges would be "even more relevant than anything that occurred post the arrest for violation of probation because it shows that he . . . was not a good candidate and was not complying with the conditions of probation even earlier than on April 7 [2009]." Defense counsel responded that the defendant was still presumed innocent of those charges and that the agents of the Drug Enforcement Agency who had provided the Willimantic police department with information regarding the April, 2009 offense did not testify.

The state indicated that there were five pending cases based on the sale of narcotics or conspiracy to sell narcotics. It also gave a brief proffer of the factual predicate for the charges. After hearing the state's proffer, the court reaffirmed its revocation. It stated: "Having considered the evidence the court heard this

---

[1] *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

morning—as well as for the reasons that the court has previously stated—the court does find that the beneficial purposes of probation are not being served; and the court, in light of the fact that this was an ongoing pattern of activity apparently and the defendant was found in possession of a large quantity of narcotics, he was . . . on probation for possession of narcotics, the court imposes the following sentence: On the conviction of violation of probation, the court [opens] the judgment of November 6 [2007], revokes the defendant's probation and puts the full sentence into execution."

At the hearing, the defendant objected to the consideration of the pending charges, but he did so on the grounds of relevance and presumption of innocence. He did not raise a due process argument to the court, nor did he indicate that there were potential issues with due process, such as the inability of the defendant to cross-examine a witness about the pending charges. Therefore, we conclude that the claim is not preserved.

"When a party raises a claim for the first time on appeal, our review of the claim is limited to review under either the plain error doctrine as provided by Practice Book § 60–5, or the doctrine set forth in *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). . . . This court often has noted that it is not appropriate to engage in a level of review that is not requested. . . . When the parties have neither briefed nor argued plain error [or *Golding* review], we will not afford such review." (Citation omitted; internal quotation marks omitted.) *State* v. *Klinger*, 103 Conn. App. 163, 168–69, 927 A.2d 373 (2007). The defendant did not seek plain error or *Golding* review of his unpreserved claim. Accordingly, we decline to consider it.

## II

The defendant also claims that the court's reliance on clearly erroneous findings of fact was an abuse of

discretion. Specifically, the defendant maintains that there was no evidence submitted during the adjudicatory phase of the hearing to support the court's inference that a one ounce quantity of crack cocaine is indicative of intent to sell. Additionally, he argues that there was no evidence that the April 7, 2009 incident was " 'an ongoing pattern of activity' " because the sole basis for this determination was the state's proffer of the defendant's pending charges. We disagree.

At the beginning of the dispositional phase of the probation revocation hearing, the court noted that the defendant's probation officer, John Garger, had testified that he believed that the beneficial purposes of probation would not continue being served by returning the defendant to probation, that the offense that formed the basis of the probation violation was identical to the one for which the defendant was sentenced to probation and that "the quantity of cocaine possessed . . . crack cocaine possessed by the defendant on April 7, 2009, was substantial, in excess of one ounce of cocaine. This obviously is an amount which is possessed for purposes not only of possession for potential use, but also sale, thus aggravating the offense." After learning from the state that the defendant had a prior conviction from 2007 for possession of marijuana, the court additionally noted that the April, 2009 offense occurred less than eighteen months after the defendant was placed on probation. The court then found that "the beneficial purposes of probation would not be served by restoring the defendant to probation."

After making its initial determination, the court heard from the state regarding the defendant's pending charges. See part I of this opinion. The court subsequently revoked the defendant's probation and sentenced him to a term of incarceration.

We begin with our standard of review. "The standard of review of the trial court's decision at the [dispositional] phase of the revocation of probation hearing is whether the trial court exercised its discretion properly by reinstating the original sentence and ordering incarceration. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . In the dispositional phase, [t]he ultimate question [in the probation process is] whether the probationer is still a good risk . . . . This determination involves the consideration of the goals of probation, including whether the probationer's behavior is inimical to his own rehabilitation, as well as to the safety of the public." (Citations omitted; internal quotation marks omitted.) *State* v. *Preston*, 286 Conn. 367, 377, 944 A.2d 276 (2008).

We reject the defendant's contention that, without evidence of intent to sell, the court could not have drawn the reasonable inference that the quantity of crack cocaine found in the defendant's possession indicated an intent to sell. "Possession of large quantities of prohibited narcotics will support a conclusion that it was possessed for distribution or for sale." (Internal quotation marks omitted.) *State* v. *Parent*, 8 Conn. App. 469, 474, 513 A.2d 725 (1986). The court based its finding that the defendant had an intent to sell on Rosado's testimony that he found a large rock of crack cocaine, in excess of one ounce, in the groin area of the defendant. Although it would have been a permissible inference that the defendant was simply a heavy personal user, it was also a permissible inference that he intended to deliver some or all of the drugs to others. See id., 475. Thus, the court did not improperly determine that the defendant intended to sell the crack cocaine found in

his possession because the inference was based on evidence that was properly submitted and found by the court during the adjudicatory phase of the hearing.

With respect to the defendant's argument that the court abused its discretion by improperly relying on the state's proffer to determine that the defendant's violation constituted "an ongoing pattern of activity," we disagree. Although there is evidence that the court solicited information about the pending charges, we can find nothing in the record to demonstrate that the court, in fact, relied on that information. A reasonable interpretation of the court's statement is that the ongoing pattern of activity referred, not to drug sales, but to drug possession, as there was unchallenged evidence adduced at the hearing that this was the defendant's third charge of drug possession in two years. "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling." (Internal quotation marks omitted.) *State* v. *Preston*, supra, 286 Conn. 377. Accordingly, we conclude that the court did not abuse its discretion in revoking the defendant's probation.

## III

The defendant also asks this court to exercise its supervisory powers and find that the court committed plain error when it allegedly violated the defendant's right to allocution pursuant to Practice Book § 43-10 prior to imposing the sentence.[2] He maintains that the

---

[2] "[T]he plain error doctrine, which is now codified at Practice Book § 60-5 . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . In addition, the plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in

lack of a clear dispositional phase—the court made its factual findings then "immediately turned to the task of imposing sentence"—was error. Because we conclude that the defendant was given a reasonable opportunity to allocute, we decline to exercise our supervisory powers.

After the court heard the information about the defendant's prior charges, it asked defense counsel: "All right. . . . [I]s there anything else that you wanted to add before I—?" Defense counsel responded, "No, Your Honor."

Practice Book § 43–10 provides in relevant part: "Before imposing a sentence or making any other disposition after the acceptance of a plea of guilty or nolo contendere or upon a verdict or finding of guilty, the judicial authority shall . . . conduct a sentencing hearing as follows . . . (3) The judicial authority shall allow the defendant a reasonable opportunity to make a personal statement in his or her own behalf and to present any information in mitigation of the sentence. . . ."

"[Practice Book] § 43–10 (3) includes no requirement that the court make personal inquiry of the defendant whether he wishes to speak before sentencing. Although it is the better practice for the trial court to inquire of each defendant whether he or she wishes to make a personal statement before being sentenced for violation of probation, and we encourage the trial court to make such an inquiry, we conclude that the plain language of [Practice Book] § 43–10 (3) does not require that such an inquiry be made . . . ." (Internal quotation

manifest injustice. . . . [Thus, a] defendant cannot prevail under [the plain error doctrine] . . . unless he demonstrates that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice." (Internal quotation marks omitted.) *Fiorelli* v. *Gorsky*, 120 Conn. App. 298, 303–304, 991 A.2d 1105, cert. denied, 298 Conn. 933, 10 A.3d 517 (2010).

marks omitted.) *State* v. *Baker*, 141 Conn. App. 669, 672–73, 62 A.3d 595 (2013).

Even though the court did not have an affirmative duty to provide the defendant with an opportunity to allocute, the defendant was, in fact, given a reasonable opportunity to do so. When the court asked if defense counsel wanted to add anything, counsel cut short the court's question and stated that he did not. "Absent some indication to the contrary, a court is entitled to rely on counsel's representations on behalf of his or her client." (Internal quotation marks omitted.) *State* v. *Hall*, 303 Conn. 527, 536, 35 A.3d 237 (2012). Nothing in the record indicated that the defendant objected, demonstrated surprise or in any way gave the court reason to doubt the accuracy of defense counsel's statement. In the absence of any evidence to the contrary, we conclude that when presented with a reasonable opportunity to allocute, the defendant declined to do so. See *State* v. *Baker*, supra, 141 Conn. App. 673. Because the court did not commit an error, we decline to exercise our supervisory powers.

The judgment is affirmed.

In this opinion the other judges concurred.